

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VITO SCAVELLI,           )
                         )
         Plaintiff,      )
                         )
    v.                   )   No. 15 C 11437
                         )
MICHAEL SCHAFFER, et al.,)
                         )
         Defendants.     )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion for summary judgment. For the reasons stated below, the motion for summary judgment is denied.

## BACKGROUND

Plaintiff Vito Scavelli (Scavelli) contends that at 2:30 a.m., after celebrating Christmas eve with his family, he was in his house (House) asleep with his wife and four minor children. Defendant Officer Michael Schaeffer (Schaeffer), allegedly responded to a call of a barking dog outside at the House. Schaeffer allegedly pulled up to the House in an unmarked SUV. Schaeffer admits that when he arrived at the House, he heard no barking dogs outside or inside the House. Schaefer, who is 6'1" tall and approximately 260 pounds, allegedly proceeded to pound loudly on the front

1

door of the House with his metal flashlight yelling "open the f___ing door," awaking Scavelli and members of his family. Scavelli's wife claims she thought someone was trying to break into the House when she heard the noise. The knocking also allegedly caused Scavelli's dogs inside the House to start barking, which created more of an uproar and added to the confusion of the situation. Schaeffer then began ringing the doorbell next to the front door.

Scavelli allegedly proceeded to the front door. Fearing for the safety of his family, Scavelli allegedly grabbed his unloaded registered firearm from a shelf. Scavelli claims he yelled through the door to the individual outside to identify himself and Scavelli did not hear Schaefer announce himself as a police officer. Scavelli allegedly opened the door while holding back one of his dogs. Scavelli contends that he was disoriented after being awoken at 2:30 a.m. on Christmas morning and he was not sure what was happening, and did not realize at first that Schaeffer was a police officer since the lighting was bad, he was not wearing a police officer cap, and he was not wearing a typical police uniform. Scavelli contends that at no point did he actually point the gun at Schaefer. Schaeffer then allegedly saw the firearm and screamed at Scavelli "drop the f___ing gun." Scavelli yelled back that he had a right to defend his house, but then put the gun down on a nearby shelf. Schaefer then allegedly attempted to step into the House and grab Scavelli, but Scavelli was able to push Schaeffer outside and close the door. Scavelli then allegedly yelled that he wanted a police supervisor on the scene

and called 911.  When other officers arrived on the scene, Scavelli was compliant and did not resist in any way when he was placed under arrest.  Scavelli was charged with assaulting a police officer and spent the next three days in jail before he was able to post bond.  In a bench trial, Scavelli was found not guilty of the assault charges.  Scavelli includes in his complaint a false arrest/detention claim brought under 42 U.S.C. § 1983 (Section 1983) (Count I), a state law false arrest claim (Count II), a state law false imprisonment claim (Count III), a state law malicious prosecution claim (Count IV), a state law *respondeat superior* claim (Count V), and a state law indemnification claim (Count VI).  Defendants now move for summary judgment on all claims.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©; *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009).  A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986); *Insolia v. Phillip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

**DISCUSSION**

I. Probable Cause

Defendants argue that they are entitled to summary judgment on the false arrest claims because Schaefer had probable cause to arrest Scavelli. The existence of probable cause provides "an absolute defense to claims of wrongful or false arrest under the Fourth Amendment in section 1983 suits." *Ewell v. Toney*, 853 F.3d 911, 919 (7th Cir. 2017). An officer has probable cause "if the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing . . . that the suspect has committed, is committing, or is about to commit an offense." *Id.* (internal quotations omitted)(quoting *Williams v. City of Chicago*, 733 F.3d 749, 756 (7th Cir. 2013))(stating that "[p]robable cause is gauged from the vantage point of a reasonable officer facing the same situation").

Defendants argue that after Schaeffer had repeatedly pounded on the door to

4

the House, Scavelli "opened the door with a Rottweiler and a gun . . . ." (Resp. 5). Defendants argue that Schaeffer reasonably believed a crime was occurring or was going to occur and he feared for his safety because "an individual with a gun and a large dog responded to a knock on the door." (Rep. 6). Defendants insinuate that there was somehow something sinister that one of Scavelli's dogs went to the front door with him after Schaeffer started pounding on the front door in the middle of the night. It is unclear why Defendants believe that a dog inside its master's home responding to an intruder in the middle of the night is somehow an indication of an ongoing or future crime. There is no indication that Scavelli sent the dog to attack Schaeffer or that the dog even made any attempt to harm Schaeffer. There is, in fact, evidence that Scavelli put a leash on the dog to restrain the dog before opening the door. Nor is the fact that Scavelli grabbed his registered firearm in his own house to defend his home and family any indication of wrong doing. Any reasonable officer in Schaeffer's position should have found nothing out of the ordinary when such circumstances unfolded after allegedly pounding on the front door in the middle of the night and yelling "open the f___ing door."

Defendants, in arguing that a reasonable officer in Schaeffer's position would have had probable cause, also rely on several genuinely disputed material facts. Defendants contend that Scavelli pointed the gun at Schaeffer, but that fact is denied by Scavelli. Scavelli also points to evidence that he contends shows that Schaeffer gave statements at Scavelli's trial, to the dispatch, to felony review prosecutors, and

to the grand jury that are not consistent with the statements provided in this case.

Defendants also contend that Schaeffer announced he was a police officer when he knocked, but that fact is also disputed by Scavelli. Scavelli and his wife both claim that they never heard such an announcement by Schaeffer. Even if Schaeffer had made such an announcement, a reasonable officer might have suspected that at 2:30 a.m. on Christmas morning there might not have been anyone awake to hear the announcement. Defendants also contend that Scavelli did not initially put down his gun when told to do so, and stated he had a right to defend his home. There are disputed facts as to how long of an interval occurred before Scavelli complied and set down the gun, and when Schaeffer suddenly lunged toward Scavelli to grab him. Such facts can only be resolved by the trier of fact. Defendants cannot obtain summary judgment based on their version of events. There are not sufficient undisputed facts that would establish that Schaefer had probable cause to arrest Scavelli.

## II. Qualified Immunity

Defendants argue that Schaeffer is protected from liability by the doctrine of qualified immunity. The doctrine of qualified immunity offers protection to police officers "from liability for reasonable mistakes made while performing their public duties." *Estate of Perry v. Wenzel*, 2017 WL 4112409, at *14 (7th Cir. 2017). In determining whether an officer may avoid liability based on the doctrine of qualified

immunity the court should consider "(1) whether the facts, taken in the light most favorable to the plaintiff, make out a violation of a constitutional right, and (2) whether that constitutional right was clearly established at the time of the alleged violation." *Id.* (internal quotations omitted)(quoting *Gill v. City of Milwaukee*, 850 F.3d 335, 340 (7th Cir. 2017)). Defendants, in arguing for qualified immunity, again rely on disputed facts. Only the trier of fact can determine whether Schaeffer announced he was a police officer. Only the trier of fact can determine whether Scavelli pointed his gun at Schaeffer or the exact circumstances that occurred before he put down the gun. Defendants also continue to insinuate that Schaeffer reasonably believed that Scavelli was up to something nefarious when Scavelli "appeared in the doorway with a gun" and "large dog." (Resp. 8). Such circumstances fail to indicate criminal activity, particularly when occurring in response to loud knocking on a residential door in the middle of the night. There are no undisputed facts that show that Scavelli made any threatening movements or statements that would have indicated to Schaeffer that his safety was in jeopardy. Defendants have not shown that Schaeffer is protected by qualified immunity in this case.

III. Malicious Prosecution

Defendants move for summary judgment on the malicious prosecution claims. For a malicious prosecution claim brought under Illinois state law, a plaintiff must

establish: "(1) commencement of criminal proceedings by the defendants; (2) termination of that matter in favor of the plaintiff; (3) the absence of probable cause for the proceedings; (4) the presence of malice; and (5) resulting damages." *Williams v. City of Chicago*, 733 F.3d 749, 759 (7th Cir. 2013). Defendants, in moving for summary judgment on the malicious prosecution claim again rely on disputed facts and rely on their own version of the events at issue in this case. Defendants can rely at trial on Schaeffer's version of events to support their case, but that is not sufficient to show that no reasonable trier of fact could find for Scavelli or to show that summary judgment is warranted. According to Scavelli, Schaeffer made up a false story about the events and, even after the incident, Schaeffer allegedly chose to continue to pursue the charges against Scavelli and provide false information to support such charges. It will be for the trier of fact to determine which set of facts is accurate.

Defendants also argue that they cannot be held liable under the doctrine of *respondeat superior* if there is no individual liability, but as indicated above, there are disputed facts on that issue. Scavelli is not bringing a *Monell* claim in this case. Based on the above, Defendants' motion for summary judgment is denied.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion for summary judgment is denied.

                                                     _____
                                                     Samuel Der-Yeghiayan
                                                     United States District Court Judge

Dated:   November 14, 2017